**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4483

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARLOS BARIOLA, a/k/a C-Lo,

Defendant - Appellant.

No. 23-4484

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

NATASSIA NICOLE KIMBLE, a/k/a Prima,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Harrisonburg.  Elizabeth K. Dillon, Chief District Judge.  (5:21-cr-00007-EKD-JCH-7; 5:21-cr-00007-EKD-JCH-8)

Submitted:  March 11, 2025                    Decided:  June 5, 2025

Before GREGORY and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished opinion.  Judge Gregory wrote the opinion in which Judge Harris and Judge Keenan joined.

**ON BRIEF:**  Gerald T. Zerkin, Richmond, Virginia, for Appellant Natassia Nicole Kimble. Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant Carlos Bariola. Christopher R. Kavanaugh, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Arguing that there was insufficient evidence to support their convictions, Carlos Bariola and Natassia Nicole Kimble appeal their convictions. We hold that there was sufficient evidence to support both convictions and affirm the district court.

On sufficiency of the evidence appeals, we "consider[] only the legal question whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (cleaned up, emphasis in original).

A jury found Carlos Bariola guilty of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. J.A. 2490; J.A. 38–39. The government argued that Bariola was an active member of the conspiracy and went by the moniker "C-Lo." The evidence makes clear that "C-Lo" was a conspirator, but Bariola argues that the government failed to prove that he was "C-Lo." After the government submitted its case, Bariola moved for acquittal. J.A. 1644–45. The district court denied his motion, J.A. 1647; he proceeded to put on evidence but did not renew his motion, J.A. 1697–1700. Because he did not renew his motion for acquittal after presenting evidence, Bariola failed to preserve his objection below. *United States v. Watkins*, 111 F.4th 300, 307 (4th Cir. 2024). So, he must demonstrate a manifest miscarriage of justice to succeed on appeal. *Id.* We find that he cannot. The government entered significant circumstantial and direct evidence demonstrating the Bariola was "C-Lo." It was well

3

within the providence of the jury to weigh that evidence and convict him. We affirm Bariola's conviction.

As for Kimble, a jury found her guilty of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. J.A. 2491; J.A. 38–39. Kimble properly preserved her challenge, J.A. 1649, 1697 (declining to put on evidence), so our review of the sufficiency of the evidence is de novo, *Watkins*, 111 F.4th at 307; *see also* 2A Fed. Prac. & Proc. Crim. § 463 (4th ed.). Nonetheless, even under this more forgiving standard of review, her argument too fails. The government argued that Kimble was an active member of the conspiracy and went by the nickname "Prima." The evidence again makes clear that "Prima" was a conspirator, but Kimble argues that the government failed to prove that she was "Prima." We disagree, finding that the government presented sufficient circumstantial and direct evidence that a reasonable jury could find that Kimble was Prima. We affirm Kimble's conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*